EDITH SISE *vs.* ZABDIEL A. WILLARD & another, trustees, & others.

Suffolk.     December 5, 1894. — June 21, 1895.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Life Interest — Termination of Trust.*

A bill in equity to compel an absolute transfer to the plaintiff of a fund held for him by the trustee under a will cannot be maintained, if his interest in the fund is only a life interest coupled with a power of testamentary disposition.

FIELD, C. J. This is a bill in equity, brought by Edith Sise, one of the daughters of John Ware, late of Boston, deceased, testate, against the two trustees under his will, one of whom is

her husband, and, by amendment, the surviving wife and other children of said John Ware, and the children of the plaintiff have been made parties defendant. The first wife of the testator was living at the time the will was made, but died in the lifetime of the testator, and he married again, and made provision by a codicil for his second wife, who survived him. At his death he also left five children, all of whom are still living.

The object of the bill is to compel an absolute transfer to the plaintiff of the fund held for her benefit by the trustees, under the fourth and fifth articles of the will. The youngest of the children of John Ware has already attained the age of thirty-five years, and the property given in trust has been divided into six equal shares, and the trustees have set apart for the plaintiff one of these shares, which they hold in trust for her benefit, and the income of which they have paid to her from time to time. The children of the testator are one son and four daughters, and the share of the son was conveyed to him, in accordance with the provisions of the will, when the youngest child of the testator reached the age of thirty-five years.

The contention of the plaintiff is that the entire beneficial interest in the share set apart for her benefit belongs to her, and that she is entitled to have the trust terminated and this share of the property absolutely transferred to her. The contentions of the respondents are, that the plaintiff has an equitable interest in this share for her life only, with the power of testamentary disposition, and that the remainder after her death goes either to her issue, if she leave issue, or to the heirs or distributees of the testator, unless she makes some disposition of it by will or by an instrument in the nature of a will. They also contend that, if this is not so, and she has the entire beneficial interest, the will of the testator should be carried out during her life, and that the intention of the testator concerning the shares allotted to his daughters is clearly expressed in the will, in the following sentence of the fifth article: " But as to the shares of the said property which shall be set apart for my daughters, it is my will that the said trustees shall continue to hold them in trust for their benefit, and shall continue to pay over to them the income from their respective portions for their sole use, and upon their own receipt in writing, so long as they shall live," etc.

By the sixth article of the will the testator made provision for the issue of any child, in case any of his children should die leaving issue before his youngest child reached the age of thirty-five years, and without having disposed of his or her share of the property by will, but he made no provision in terms for the disposition of the share of the property allotted to his daughters, if any of them, after his youngest child attained the age of thirty-five years, should die leaving issue, and without having made a testamentary disposition of her share.

There is no provision in terms in the will for the disposition to be made of the share of the property allotted to each child, in case any child should die without having disposed of his or her share by will, and without leaving issue, whether the child die before or after the testator's youngest child reached the age of thirty-five years, although the son's share after that time became his absolute property, and would descend in the same manner as his other property.

Considering all the provisions of the will, we are of opinion that the plaintiff took only an equitable life estate. Up to the time when the division was to be made of the property into shares, the trust property was to constitute one trust, the income of which was to be paid in equal shares to all the children, and if any child died leaving issue and without having disposed of his or her share by will, his or her issue were to take their parent's share of the income ; and when the time came for division, such issue were to take their parent's share of the principal. Up to that time, undoubtedly, the children of the testator had only a life interest, coupled with a power of testamentary disposition. When the time came for a division of the property into shares, the son's share was to become his absolute property, but each daughter's share was to remain in trust on a separate trust for her life, with the power of testamentary disposition, but that is all the change which the will in terms provides for.

If it be implied that on the death of each daughter after the division her share shall go to her issue, if she leave issue and make no testamentary disposition of the property, still such issue would take as legatees under the will, and not as heirs or distributees of their mother. There is absolutely no provision that on the death of any of the children without issue before

It is premature now to consider whether, on the death of the plaintiff leaving issue but having made no testamentary disposition of her share, that share will go to such issue. The bill must be dismissed.

*So ordered.*

*J. L. Thorndike,* for the plaintiff.

*W. G. Russell,* for Zabdiel A. Willard.

*L. S. Dabney & J. D. Bryant,* for Lucy A. Willard, a daughter of the testator.